**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLARIO MITCHELL PALACIO,<br><br>Petitioner,<br><br>v.<br><br>F.C.I. FORT DIX (WARDEN),<br><br>Respondent. | Civil Action No. 23-2282 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Olario Mtichell Palacio purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

**I.     BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution for drug possession charges to which he pled guilty in the Middle District of Florida. (ECF No. 1 at 1-5.) In his current petition, Petitioner seeks to challenge his indictment, guilty plea, and conviction on the grounds that he believes that the statute under which he was

convicted is unconstitutional as applied to him as he believes the application exceeds Congress's constitutional authority to proscribe crimes on the high seas. (*Id.* at 5-7.) Petitioner uses as the bases for his claims various pieces of Eleventh Circuit caselaw, all of which predate his conviction, chief among them *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). (*Id.*) Although Petitioner previously appealed his conviction before the Eleventh Circuit, he did not raise this claim in that appeal. *See United States v. Palacio*, No. 21-20622, 2022 WL 711291 (11th Cir. Mar. 10, 2022.)

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   DISCUSSION

In his current petition, Petitioner seeks to challenge his drug convictions. Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F.

2

App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). A prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement, however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52. The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-52.

Here, Petitioner seeks to use § 2241 to raise straight forward challenges to his conviction based on his belief that his statute of conviction is unconstitutional as applied to him based on Eleventh Circuit caselaw that predates his guilty plea and conviction. He does not allege that his crime of conviction has been rendered non-criminal *after* his guilty plea, and instead merely raises a constitutional challenge to his conviction which was available prior to his conviction and sentence and which was available to him to raise either during his direct appeal or in a motion to vacate sentence under § 2255. Because he had ample opportunity to raise this claim via either his direct appeal or a § 2255 motion, § 2255 is not inadequate to address Petitioner's claims, and he may not resort to the use of a § 2241 petition instead. *Id.*; *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (§ 2255 is not inadequate or ineffective "merely because that petitioner is unable to meet the stringent gatekeeping requirements" of the statute.) Because

3

Petitioner's claims must therefore be raised through a § 2255 motion in his sentencing court – the Middle District of Florida, this Court lacks jurisdiction to hear his claims under § 2241. *Dorsainvil*, 119 F.3d at 251-52. Petitioner's habeas petition shall therefore be dismissed without prejudice. To the extent Petitioner wishes to pursue his claims, he may do so by filing a § 2255 motion in the Middle District of Florida.

## IV.   CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge